IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WILLIAM HENRY BYRD, III,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. CIV-05-532-W |
| **CORNELL CORRECTIONS, INC.,** | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

William Byrd, a state prisoner appearing pro se, has filed an action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of the complaint has been conducted as required by 28 U.S.C. § 1915A. *See also* 28 U.S.C. § 1915(e). Based upon that review, it is recommended that the complaint be dismissed on filing for failure to state a claim upon which relief may be granted and that the dismissal count as one "strike" pursuant to 28 U.S.C. § 1915(g).

**Plaintiff's Complaint**

Plaintiff, who is currently incarcerated at the Jim E. Hamilton Correctional Center in Hodgen, Oklahoma, has brought this action against Cornell Corrections, Inc. (through the Great Plains Correctional Facility) and the City of Hinton [Doc. No. 1, Complaint, pages 1 - 2].[1] When asked on the form complaint to briefly describe the background of his case, Plaintiff wrote:

---

[1] All page references to Plaintiff's complaint are to unnumbered pages.

> This is a civil rights action under 42 U.S.C. § 1983 broght by a state prisoner for remedies that exist (Federal Practice Procedure) under state law of ERIT OF MANDAMUS for default judgement upon defendants petition brought against them and entitles plaintiff recovery of damages. The court sent back notice for the case without hearing default of defendants petition against them. This injunction concerns case of writ for default of petition against defendants for damages in petition.

*Id*. at page 2.

Count I of Plaintiff's claims states, simply, "Further Relief and Modification of Judgements." *Id.* at page 3. By way of supporting facts, Plaintiff appears to quote from some type of legal treatise discussing the enforcement of judgments; no references to the named Defendants or to any actions on their part are made. *Id.* at pages 3 and 5. The same is true with respect to Count II, "Writ of Executions," and Count III, "Judgement of Contempt." *Id.* at pages 3 - 7. Plaintiff's request for relief reads as follows:

> The Constitutional violations that the defendants are liable of in this damage case claim must be judged against. There should be damage compensatory money award made against them. Also, there should be other reliefs put against the defendants because of the Constitutional violation and deprivations. There should be punitive damages made, as well as derogatory damages made against the defendants so they will not attempt these Constitutional violations and deprivations again. The malicious and indifference in this case are a violation of the Eighth Amendment of cruel and unusual and illegal confinement and there should be some derogatory damage as well as punitive damages against the defendants. And, also will need supplemental and pendant jurisdiction on this case, so that Federal Bureau of Prison $10,000 Tort made afainst defendants can be collected. A joinder of claims will also be necessary in this case. The seriusness and severity of a Eighth Amendment cruel and unusual illegal confinement and deliberate indifference damage case claim in monetary as well as personal suffering in dollars is very substantial, as high as $500,000. Measured in daily amounts of $1000 a day as well as daily interests. And the defendants are currently in violation of illegal confinement damage case claims at the present speaking. The personal suffering is at the discretion of the court. It is their decision whether the degree of suffering of this Constitutional violation of deprivation is warranting an award of monetary damages, because of the cruelty and

> maliciousness that the defendants Eighth Amnedment violation and indifference that they subjected on the plaintiff. And in this case the plaintiff because of the amount and degree suffered during the case, the years in litigating it and so on, the deprivations being at present would want the court hold no stops and award an additional $500,000 each against the other damage case cliams on the defendants.

*Id.* at pages 9, then 7.

### **Standard for Initial Screening**

Notwithstanding any filing fee, or any portion thereof that may have been paid, it is the responsibility of the court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). For § 1915 purposes, a claim is frivolous if it lacks an arguable basis in law or fact. *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981); *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A claim is legally frivolous if it alleges an infringement of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327.

Dismissal of a cause of action for failure to state a claim is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). In reviewing the sufficiency of a complaint, all well-pleaded factual allegations of the complaint must be accepted as true and construed in the light most favorable to Plaintiff. *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). Although *pro se* pleadings are construed liberally and held to a less stringent standard than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519,

520 (1972), *pro se* plaintiffs are not relieved of the burden of alleging sufficient facts on which a legal claim could be based. *Hall*, 935 F.2d at 1110.

**<u>Analysis</u>**

It is clear that Plaintiff's complaint cannot withstand initial screening. Absolutely no action – or inaction – on Defendants' part is described in any manner in the complaint. Plaintiff does refer to an Eighth Amendment violation, deliberate indifference and illegal confinement in his request for relief, but he alleges no facts upon which such legal claims could be based. Dismissal of the complaint on filing is recommended.

Based upon other information in the complaint, it appears that Plaintiff is continuing to address an action which was previously before this court involving the same Defendants, *Byrd v. Cornell Corrections, Inc.,* No. Civ - 02 - 52, an action in which Plaintiff did not prevail.  In that portion of his current complaint which calls for a list of previous lawsuits, Plaintiff lists three lawsuits by William Byrd against Cornell Corrections, all bearing Tenth Circuit No. 02-6316 [Doc. No. 1, pages 4 and 8]. Plaintiff shows the first lawsuit as filed on February 1, 2005, with disposition on February 24, 2005, and describes it as pending in the Supreme Court and involving "injunction that the Court may have the power to review." *Id.* at page 4. Plaintiff describes the other two cases  – one filed on August 20, 2004, with disposition on September 9, 2004, and the other filed in September 28, 2004, with disposition on October 4, 2004 – as involving a "Motion for a Injunction" and "entry of default." *Id.* at page 8. In one case, Plaintiff states the "documents could not be processed" and, in the other, "documentation of a request

for entry of default; materials tendered not accepted and court not take action on them."

*Id.*

Attached to the current complaint as Exhibit 1 are copies of two letters to the Plaintiff from the office of the Clerk of the Tenth Circuit. *Id.* at Exhibit 1. The first letter, dated September 9, 2004, references documentation sent to the court by Plaintiff:

> The documents seem to be in the nature of a request for entry of default, and are identified with Case No. 02 - 6316, an appeal that was closed well over a year ago. The decision of the court in *Byrd v. Cornell Corrections, Inc.* was issued on February 6, 2003.
>
> The jurisdiction of federal appeals courts is limited to cases and controversies brought in accordance with federal law and rules of procedure. The appeal you referenced has long been closed and cannot now be reopened.

*Id.* The second letter was a similar response to a new round of documentation sent by Plaintiff. *Id.*

Attached to Plaintiff's current complaint as the first page in Exhibit 2 is a document drafted by Plaintiff entitled "Writ of Mandamus Request for Entry of Default" wherein Plaintiff asks for the entry of default against Defendant Cornell Corrections, Inc. "for failure to plead or otherwise defend." *Id.* at Exhibit 2, page 1. The caption of the document reflects No. CIV - 02 -52 - W and the W.D. of Oklahoma. *Id.* The docket sheet in No. CIV - 02 - 52 - W reveals that on September 26, 2002, summary judgment was granted by this court in favor of Cornell Corrections, Inc. and that the matter against the City of Hinton was dismissed; Plaintiff Byrd filed his notice of appeal on October 2, 2002 and appellate docket number 02-6316 was assigned to the proceeding, and a mandate was issued by the Circuit Court of Appeals on February 28, 2003, affirming this court's

decision. Consequently, should Plaintiff be under the misapprehension that he prevailed in his lawsuit and has a judgment in his favor which he now seeks to enforce, he is incorrect. Nor is Plaintiff entitled to default judgment. Defendants appeared in the case and were successful in defeating Plaintiff's claims. This result was upheld by the Circuit Court of Appeals, and that decision is final. Thus, any attempt to base a claim of this or any other prior case is without merit.

### **RECOMMENDATION**

For the foregoing reasons, it is the recommendation of the undersigned that Plaintiff's complaint be dismissed upon filing for failure to state a claim. The undersigned further recommends that if this recommendation is adopted, the dismissal should count as one strike against Plaintiff pursuant to 28 U.S.C. §1915(g).[2] Plaintiff is advised of his right to object to this Report and Recommendation by the 5th day of September, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The objections should be filed with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United*

---

[2] The present dismissal should count as a "prior occasion" only after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

*States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 15th day of August, 2005.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE